**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHIGAN WELFARE RIGHTS ORGANIZATION, *et al.*, | |
| *Plaintiffs*, | Case No. 1:20-cv-03388-EGS |
| v. | |
| DONALD J. TRUMP, *et al.*, | |
| *Defendants*. | |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs Michigan Welfare Rights Organization ("MWRO"), NAACP, Maureen Taylor, Nicole L. Hill, and Teasha K. Jones, by counsel, respectfully submit this Notice of Supplemental Authority to notify the Court of a recent decision in *Thompson v. Trump* and its related cases that bears on key issues in this case.  As the cases at issue in that decision involve legal claims and defenses common to those pending before this Court, Plaintiffs respectfully submit Judge Mehta's recent Memorandum Opinion and Order as relevant authority.  *Thompson v. Trump*, __ F. Supp. 3d __, 21-CV-00400 (APM), ECF No. 66, 2022 WL 503384 (D.D.C. Feb. 18, 2022) (attached hereto as Exhibit A).

*Thompson* and its related cases addressed by Judge Mehta's decision involve claims by members of Congress against former President Donald J. Trump, his advisors, and the leaders and members of various organized militia groups alleging, in relevant part, an unlawful conspiracy violating the Ku Klux Klan Act § 1985 (42 U.S.C. § 1985).  *Id.* at *2.  The plaintiffs in those actions alleged that the defendants conspired to use violence, threats, and intimidation to prevent members of Congress from discharging their official duty to certify the results of the

1

2020 Presidential election and thereby to interfere with the ability of President Biden and Vice President Harris to "accept[] or hold[]" their offices.  *Id.*  The plaintiffs alleged that such conspiracy involved fomenting the insurrection during which former President Trump's supporters stormed the United States Capitol on January 6, 2021.  *Id.*  As to former President Trump (as well as the militia defendants), Judge Mehta found that the plaintiffs adequately alleged this conspiracy.  *Id.* at *46.

Although Plaintiffs in this case assert different allegations than the plaintiffs in the *Thompson* cases—and bring a claim under 42 U.S.C. § 1985(3) rather than § 1985(1)— *Thompson*'s reasoning is instructive in two key respects.

*First*, Judge Mehta's order considered and rejected former President Trump's claim that the alleged conduct, in total, constituted executive action within the scope of the President's official duties.  This defense has been raised in the present case regarding similar conduct. Dkt. 25-1 at 16–17.  Judge Mehta considered former President Trump's defense as it related to a broad course of conduct, including former President Trump's pre- and post-election efforts to coerce state lawmakers and election officials, as well as his speech, delivered on January 6th, urging former Vice President Pence, members of Congress, and ultimately, the gathered crowd to take action to prevent the certification of the election results.  2022 WL 503384 at *11–*14, *18. Interpreting the constitutional and statutory provisions relevant to the certification process, Judge Mehta found no authority that supported either treating this conduct as within the traditional scope of Presidential authority or for the broader contention "that merely exhorting non– Executive Branch officials to act in a certain way is a responsibility within the scope" of the President's official function.  *Id.* at *14.  Accordingly, Judge Mehta's reasoning is directly relevant to former President Trump's defense in this case that he is entitled to official immunity

for the conduct at issue.  *See* Dkt. 25-1 at 16–17.

*Second*, Judge Mehta considered and rejected former President Trump's First Amendment defense, which is similar to arguments raised by Defendants in this case.  *See* Dkt. 24 at 9–11; Dkt. 25-1 at 17–22.  Plaintiffs submit that Judge Mehta's analysis of *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969), and its meaning in light of *Hess v. State of Indiana*, 414 U.S. 105, 105–06 (1973), and *NAACP v. Claiborne Hardware Co*., 458 U.S. 886, 913 (1982), is particularly instructive—both for its application to substantially similar conduct alleged in this case and for the guidance it offers regarding non-protected incitement.  2022 WL 503384 at *40–*42.  Although Judge Mehta focused this analysis on then-President Trump's speech to the crowd on January 6, 2021, the reasoning should apply to the conduct at issue in this case.  Here, Plaintiffs' Amended Complaint alleges that former President Trump and other Defendants engaged in, among other things, substantially similar conduct constituting incitement to undertake imminent, lawless, and violent activities to prevent the fair administration of the election, resulting in threatened and actual violence against election officials and volunteers. Dkt. 8 ¶¶ 32–34.

Judge Mehta identified the crucial inquiry as to examine both "the content and the context" of challenged speech to determine if it was "directed to inciting or producing imminent lawless action," and likely to produce such action.  *Id.* at *41–*42 (quoting *FCC v. Pacifica Found.*, 438 U.S. 726, 744 (1978) and *Brandenburg*, 395 U.S. at 447).  After thorough analysis, Judge Mehta ultimately found that former President Trump's alleged speech constituted incitement unprotected by the First Amendment, in significant part because "blanket immunity cannot shield a President from suit merely because his words touch on matters of public concern."  *Id.* at *16, *46.

For the reasons set forth above, Plaintiffs respectfully submit that Judge Mehta's analysis constitutes supplemental authority as to issues central to Defendants' motions to dismiss and further supports denying those motions in their entirety.

Dated:  March 31, 2022

Samuel Spital (D.D.C Bar No. SS4839)
Janai S. Nelson (*pro hac vice*)
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St., 5th Floor
New York, NY 10006
(212) 965-2200

Anuja D. Thatte (D.D.C. Bar
No. 1742276)
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND,
INC.
700 14th Street NW, Ste. 600
Washington, DC 20005
(202) 682-1300

Respectfully submitted,

/s/ *Jason M. Bradford*
Jason M. Bradford (D.D.C Bar No. IL0073)

Jason M. Bradford (D.D.C Bar No. IL0073)
Jonathan A. Enfield (D.D.C Bar No. IL0074)
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350

Stephen L. Ascher (*pro hac vice*)
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 891-1600

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on March 31, 2022, I electronically filed the foregoing Plaintiffs' Notice of Supplemental Authority with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel and parties of record.


Dated:  March 31, 2022                                    /s/ *Jason M. Bradford*
                                                          Jason M. Bradford
                                                          Attorney for Plaintiffs