UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHIGAN WELFARE RIGHTS ORGANIZATION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Case No. 1:20-cv-03388-EGS |

### PLAINTIFFS' MOTION FOR STATUS CONFERENCE
### AND STATEMENT OF POINTS AND AUTHORITIES

Plaintiffs Michigan Welfare Rights Organization, NAACP, Maureen Taylor, Nicole L. Hill, and Teasha K. Jones, by counsel, respectfully move for the Court to schedule a status conference in this matter to set a schedule for discovery.  Given that the motions to dismiss in this matter have been fully briefed for nearly one year, Plaintiffs request that discovery be permitted to begin in this case, particularly to limit the risk of crucial evidence being lost.  As grounds therefore, Plaintiffs state as follows:

1. Defendants' February 24, 2021 motions to dismiss (Dkts. 24 & 25) have been fully briefed as of April 21, 2021.  Discovery has not proceeded while the motions to dismiss are pending because Local Civil Rule 16.3(b) exempts from discovery cases in which no answer has been filed.  Additionally, Defendants' motions to transfer venue (Dkts. 21 & 22) have been fully briefed as of March 2, 2021.  The motions should be denied for the reasons set out in Plaintiffs' oppositions thereto (Dkts. 23 & 35).

2. Plaintiffs have alleged that Defendants, among other things, attempted to delay and stop vote counting in tightly contested states, pressured state and local election officials not

1

to certify election results, and baselessly challenged the validity of legally cast ballots. *See, e.g.*, Dkt. 8 ¶¶ 21–60.  Yet, according to Defendants' motions to dismiss, the allegations set forth in Plaintiffs' Amended Complaint constitute political speech protected by the First Amendment, and do not establish a claim under the KKK Act or Voting Rights Act. *See, e.g.*, Dkt. 24 at 12–15, 17; Dkt. 25-1 at 17–22.  As explained in more detail in Plaintiffs' Notice of Supplemental Authority, filed concurrently with this motion, a judge in this District has already concluded that former President Trump's incitement of supporters to engage in illegal activity seeking to prevent Congress from certifying the results of the 2020 presidential election was not protected by the First Amendment or presidential immunity and that the conduct alleged was sufficient to state a claim under the KKK Act.  *Thompson v. Trump*, 21-CV-00400 (APM), 2022 WL 503384, at *44–*46 (D.D.C. Feb. 18, 2022).  Plaintiffs allege similar conduct here, including then-President Trump's direct coercion of state and local election officials and incitement of supporters to illegally harass state elections officials involved in counting ballots and certifying results for the 2020 presidential election at the state level.  *See, e.g.*, Dkt. 8 ¶¶ 21–34; *see also* Dkt. 35 at 28–31.  Although Plaintiffs maintain that their December 21, 2020 Amended Complaint states a claim under both the KKK Act and the Voting Rights Act, as explained in their opposition to Defendants' motions to dismiss, Dkt. 35 at 5, 29 n.17, if the Court were to disagree, Plaintiffs could easily address any defect in the Amended Complaint by adding allegations, including regarding Defendants' conduct that occurred or otherwise came to light after the Amended Complaint was filed.

3. For example, on January 2, 2021, in an effort to alter Georgia's election results, then-President Trump called Georgia Secretary of State Brad Raffensperger and pressured him to "find 11,780 votes, which is one more than we have" and threatened him with a "criminal offense"

if he declined to "find" those votes.[1]

4. More recently released records also show that around the same time, then-President Trump placed two calls to Clint Hickman, Chair of the Maricopa County, Arizona Board of Supervisors.[2] Then-President Trump's then-personal lawyer Rudy Giuliani also called Mr. Hickman multiple times, including to leave a voicemail stating, *inter alia*, "Maybe we can get this thing fixed up."[3] Additionally, in text messages sent shortly after the election, Arizona Republican Party Chairwoman Dr. Kelli Ward told Mr. Hickman, "We need you to stop the counting."[4]

5. These are just selected examples. Thus, to the extent the Court were to conclude the allegations in the Amended Complaint are insufficient to state a claim, Plaintiffs could amend their complaint to include further allegations to satisfy the standard to state claims under the Voting Rights Act and KKK Act.

6. Given the passage of time in this case and the unlikelihood of success for Defendants' motions to dismiss, this case should move forward with discovery. This is especially important here, where there is evidence that President Trump frequently destroyed official documents.[5]

7. Accordingly, Plaintiffs respectfully request a status conference as soon as possible

---

[1] Michael D. Shear and Stephanie Shaul, N.Y. Times, "Trump, in Taped Call, Pressured Georgia Official to 'Find' Votes to Overturn Election," Jan. 3, 2021, https://www.nytimes.com/2021/01/03/us/politics/trump-raffensperger-call-georgia.html.

[2] Brahm Resnick, 12 News, "'Stop the Counting': Records Show Trump and Allies Pressured Top Maricopa County Officials over Election Results," July 2, 2021 (updated July 7, 2021), https://www.12news.com/article/news/politics/stop-the-counting-records-show-trump-and-allies-pressured-top-maricopa-county-officials-over-election-results/75-61a93e63-36c4-4137-b65e-d3f8bde846a7.

[3] *Id.*

[4] *Id.*

[5] *See* Ashley Parker, Josh Dawsey, Tom Hamburger and Jacqueline Alemany, The Washington Post, "'He never stopped ripping things up': Inside Trump's relentless document destruction habits," Feb. 5, 2022, https://www.washingtonpost.com/politics/2022/02/05/trump-ripping-documents/.

3

to discuss a schedule for discovery.

8. Pursuant to Local Rule 7(m), undersigned counsel contacted counsel for each of Defendants Donald J. Trump, Donald J. Trump for President, Inc. ("Trump Campaign"), and Republican National Committee ("RNC") on March 28, 2022 seeking their position on the relief sought by this motion. Counsel for those Defendants stated that their clients oppose the relief sought herein due to arguments raised in their pending motions to dismiss and/or transfer. As noted above, these motions should be denied for the reasons set out in Plaintiffs' oppositions thereto. *See* Dkts. 23 & 35. Specifically, Defendant RNC stated that the pending motions to dismiss and the pending motion to transfer venue raise threshold matters and that discovery should wait until those matters are resolved. However, as also noted above, even if this Court were to find that Plaintiffs' Amended Complaint does not state a claim, Plaintiffs could easily add ample allegations. Further, as set forth in Plaintiffs' opposition to the motion to transfer venue, the fact that much of the discovery in this matter will take place in the District of Columbia (among other considerations) weighs against transfer. *See* Dkt. 23 at 10–14. Counsel for former President Trump and the Trump Campaign stated that former President Trump argues that the absolute immunity claim in former President Trump's motion to dismiss must be adjudicated before discovery can commence. But, as noted above and in Plaintiffs' concurrently filed Notice of Supplemental Authority, former President Trump's immunity argument has already been rejected by a court in this District in similar circumstances, *Thompson*, 2022 WL 503384 at *44–46, and that argument does not apply to the RNC or the Trump Campaign.

9. Plaintiffs' counsel are available for a status conference on or after April 11, except for April 14 and 15.

WHEREFORE, Plaintiffs respectfully move this Court to schedule a status conference in this matter.

| | |
|---|---|
| Dated:  March 31, 2022 | Respectfully submitted, |
| | /s/ *Jason M. Bradford* |
| | Jason M. Bradford (D.D.C Bar No. IL0073) |
| Samuel Spital (D.D.C Bar No. SS4839) <br> Janai S. Nelson (*pro hac vice*) <br> NAACP LEGAL DEFENSE & <br> EDUCATIONAL FUND, INC. <br> 40 Rector St., 5th Floor <br> New York, NY 10006 <br> (212) 965-2200 | Jason M. Bradford (D.D.C Bar No. IL0073) <br> Jonathan A. Enfield (D.D.C Bar No. IL0074) <br> Jenner & Block LLP <br> 353 N. Clark St. <br> Chicago, IL 60654 <br> (312) 222-9350 |
| Anuja D. Thatte (D.D.C. Bar No. 1742276) <br> NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC. <br> 700 14th Street NW, Ste. 600 <br> Washington, DC 20005 <br> (202) 682-1300 | Stephen L. Ascher (*pro hac vice*) <br> JENNER & BLOCK LLP <br> 1155 Avenue of the Americas <br> New York, NY 10036 <br> (212) 891-1600 |
| | *Counsel for Plaintiffs* |

## CERTIFICATE OF SERVICE

I certify that on March 31, 2022, I electronically filed the foregoing Plaintiffs' Motion for Status Conference and Statement of Points and Authorities with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel and parties of record.

Dated:  March 31, 2022                                        /s/ *Jason M. Bradford*
                                                                                                    Jason M. Bradford
                                                                                                    Attorney for Plaintiffs