## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHIGAN WELFARE RIGHTS ORGANIZATION, NAACP, MAUREEN TAYLOR, NICOLE L. HILL, and TEASHA K. JONES, | ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | Civil Case No. 1:20-cv-03388-EGS |
| DONALD J. TRUMP; DONALD J. TRUMP FOR PRESIDENT, INC.; and REPUBLICAN NATIONAL COMMITTEE, | ) ) ) ) ) ) | |
| *Defendants.* | ) ) | |

## PRESIDENT TRUMP AND DONALD J. TRUMP FOR PRESIDENT, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLARIFICATION

Plaintiffs' curious motion does more than seek clarification on the timing and appropriateness of a motion to amend their Section 11(b) claim for a second time; it also pursues an advisory opinion from the Court on such a motion. None of the additional facts, or politically charged rhetoric, alleged by Plaintiffs, however, changes the legal conclusion at the heart of the Court's holding: Plaintiffs lack standing to pursue a claim under Section 11(b) of the Voting Rights Act.

In dismissing that claim, the Court correctly held, "Plaintiffs lack standing to bring their VRA claim because they have failed to demonstrate that, 'if unchecked by the litigation, the defendant's allegedly wrongful behavior will likely occur or continue, and that the 'threatened injury is certainly impending.'" Memorandum Opinion, ECF No. 49 at 42 (*citing Friends of the Earth, Inc., et al. v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 190 (2000)). Specifically, the Court found that Plaintiffs had not "demonstrated, as required when seeking injunctive relief premised on past harm, that they are 'sufficiently likely to be *personally* subjected to the challenged conduct again in order to have standing.' *Chang v. United States*, 738 F. Supp. 2d 83, 90 (D.D.C. 2010) (Sullivan, J.) (emphasis added)." *Id.*

Plaintiffs' new allegations are mostly a repeat of their previous allegations that this Court deemed to be insufficient. The "new" information includes President Trump meeting with and taking calls with election officials in Wisconsin, *see* Pls.' Mtn. for Clarification, ECF No. 52 at 3, donating to and endorsing candidates in Michigan that support election integrity legislation, *id.*, calling with and meeting with election officials in Georgia and Arizona while President Trump was still President, *id.* at 3-

4, the actions of unrelated third parties towards election officials unrelated to this case, *id.* at 4-5, and organizing for poll watchers for the 2022 midterm elections, *id.* at 6. This is simply a reiteration of Plaintiffs' Amended Complaint in which they complained of President Trump's public statements on election integrity, the questioning of the election results in Michigan, Wisconsin, Arizona, and Georgia, the actions of unrelated third parties towards election officials unrelated to this case, calling and speaking with election officials, and recruiting poll watchers. *See generally*, Pls.' Am. Compl., ECF No. 8. Like the allegations in the Amended Complaint, these "new" allegations do not show that Plaintiffs will be personally harmed. Indeed, Plaintiffs fail to show how these supposed facts could clear the well-established hurdle of standing. Instead, they simply repeat political rhetoric, while improperly inviting the Court to interject itself in forthcoming elections.

To the extent the Court believes any clarification is needed, the Court need only hold that Plaintiffs' claim under the Voting Rights Act is dismissed with prejudice. Nothing can cure the deficiency of their pleading as to their claim under Section 11 of the Voting Rights Act.

## ARGUMENT

### Further Amendment to the Section 11(b) Claim Would be Futile.

Plaintiffs have already taken advantage of their ability to amend their original complaint yet still failed to establish standing. Plaintiffs attempt to amend their complaint a second time, alleging "new" information. Plaintiffs' new information, however, does nothing to cure their standing deficiency.

As this Court held, "a motion to amend should be denied if the amendment would be futile because the proposed claim would not survive a motion to dismiss." *Nextel Spectrum Acquisition Corp. v. Hispanic Info. And Telecomm. Network, Inc.*, 571 F. Supp. 2d 59, 62 (D.D.C. 2008) (citing *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996)). Standing, of course, is an essential element. As this Court noted in its opinion, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Memorandum Opinion, ECF No. 49 at 39 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Further, because Plaintiffs are seeking injunctive relief, they must show that they are "sufficiently likely to be *personally* subjected to the challenged conduct again in order to have standing." *Id.* at 42 (quoting *Chang*, 738 F. Supp. 2d at 90) (emphasis added).

The additional facts that Plaintiffs allege in their motion for clarification do not give them standing. As the Court found, this is a case where "circumstances in which the prospect that a defendant will engage in (or resume) harmful conduct may be too speculative to support standing, but not too speculative to overcome mootness." *Id.* at 42 (quoting *Laidlaw, Inc.*, 528 U.S. at 170). Plaintiffs' injuries remain too speculative to satisfy the standing requirement.

There is simply no evidence that President Trump's actions, or those of his previous campaign, will *personally* impact Plaintiffs. Plaintiffs broadly (and baselessly) asserted in their Amended Complaint that President Trump sought to prevent the counting and certification of validly cast ballots, thus, disenfranchising

voters. Pls.' Am. Compl., ECF No. 8 at ¶¶ 7-12. Plaintiffs' suggestion that President Trump or his campaign will attempt to disenfranchise voters is simple and pure speculation and a reiteration of allegations already made. There is no "substantial risk," *id.* at 9-10, that Plaintiffs' votes will not be counted. What's more, President Trump has, in fact, said the opposite and has fought for counting *all* legally cast votes.

Discussions with election officials and state government leaders to cast aside *illegal* votes and implement measures to prevent future illegal votes does nothing to impact legal and valid votes. Further, President's Trump encouragement of poll watchers does not mean that Plaintiffs will be prevented from voting. These same allegations were insufficient in the Amended Complaint, and they are insufficient now.

Plaintiffs allege they may contemplate not voting in the future because of potential harassment for casting their votes and potential harassment towards their election officials. *Id.* at 8. First, the fact that Plaintiffs *may* not vote in the future is speculative at best. Second, Plaintiffs certainly have no standing for the alleged injuries of unrelated third parties. Accordingly, Plaintiffs cannot cure the standing deficiency in their pleading, and amending their complaint for a second time would be futile.

## CONCLUSION

Allowing Plaintiffs to amend their complaint for a second time would be futile. Plaintiffs are unable to cure the deficiency in their pleadings because they will not be

personally injured. Accordingly, the motion for clarification should either be denied or granted only to the extent that it clarifies that the Section 11(b) claim is dismissed, with prejudice.

Dated: May 31, 2022

Respectfully submitted,

/s/ Jesse R. Binnall
Jesse R. Binnall (Bar # VA022)
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, Virginia 22314
Phone: (703) 888-1943
Fax: (703) 888-1930
Email: jesse@binnall.com

*Attorney for Donald J. Trump and Donald J. Trump for President, Inc.*

## CERTIFICATE OF SERVICE

I certify that on May 31, 2022, a copy of the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send a copy to all counsel of record.

/s/ Jesse R. Binnall
Jesse R. Binnall

*Attorney for Donald J. Trump and Donald J. Trump for President*