IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHIGAN WELFARE RIGHTS ORGANIZATION, *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | No. 1:20-cv-3388-EGS |

**REPUBLICAN NATIONAL COMMITTEE'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND STATEMENT OF POINTS AND AUTHORITIES**

Plaintiffs' claims of alleged future harm in their proposed second amended complaint ("Proposed SAC"), even if taken as true, remain far too speculative to establish that there is an impending risk of future harm to Plaintiffs personally.

In the Court's Memorandum Opinion (ECF No. 49), it "conclude[d] that Plaintiffs lack standing to bring their VRA claim because they have failed to demonstrate that, 'if unchecked by the litigation, the defendant's alleged wrongful behavior will likely occur or continue, and that the threatened injury is certainly impending.'" *Id*. at 42 (quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 170 (2000)). With respect to the Republican National Committee ("RNC"), nothing in the Proposed SAC rectifies these deficiencies. Accordingly, Plaintiffs' Proposed SAC is futile and their motion for leave (ECF No. 55) should be denied.

\*   \*   \*

1

As the Court's Memorandum Opinion notes, "[f]or the standing analysis, Plaintiffs' burden is to establish that they have standing to seek equitable relief under §11(b)." Memorandum Opinion at 39. The "irreducible constitutional minimum" of standing has three elements: (1) injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision. *Id*. (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). In order to establish an injury in fact sufficient to support equitable relief, Plaintiffs must demonstrate that "if unchecked by the litigation, the defendant's allegedly wrongful behavior will likely occur or continue, and that the 'threatened injury is certainly impending.'" *Id* at 40 (quoting *Laidlaw, Inc.*, 528 U.S. at 190). Thus, alleged "'past wrongs' do not 'themselves amount' to the kind of 'real and immediate threat' of future injury 'necessary to make out a case or controversy' for a claim seeking only equitable relief." *Id*. (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983)).

Against this backdrop, the Court concluded, "'[T]here are circumstances in which the prospect that a defendant will engage in (or resume) harmful conduct may be too speculative to support standing, but not too speculative to overcome mootness.' . . . This is one such case." *Id*. at 42 (quoting *Laidlaw, Inc.*, 528 U.S. at 170). Nothing in Plaintiffs' Proposed SAC would change this analysis.

The Proposed SAC seeks to add information about a February 2022 RNC resolution censuring two Republican members of the House of Representatives for their participation in the House Select Committee on January 6. *See Proposed SAC* at ¶¶ 2, 116. But it draws no connection (because there is none) between this action and any imminent future conduct. The RNC's censure of two members of its own caucus is backward-looking, and, contrary to Plaintiffs' implications, relates to specific and unrelated actions by the Committee, such as refusing to include members

recommended by House Republican leadership. The Voting Rights Act does not apply to the internal proceedings of a House Committee, making the connection between the House Select Committee and Plaintiffs' claim a non-sequitur.

The Proposed SAC seeks to add new information about Chairman Ronna McDaniel's statements during and about the 2020 election and claims that the RNC sent emails relating to the 2020 election. *See, e.g., Proposed SAC* at ¶¶ 25, 48. However, this information is backwards-looking and, like Plaintiffs' First Amended Complaint, relates solely to allegations of supposed "past wrongs." At no point to Plaintiffs adduce a causal mechanism that connects these statements to impending future harms.

Likewise, the Proposed SAC notes that the House Select Committee investigating January 6 issued subpoenas to several individuals who were listed as potential alternate electors and happen to be current or former members of the RNC. *See Proposed SAC* ¶¶ 74-75. Plaintiffs do not allege – nor could they – that these actions are attributable *to the RNC*. As the Complaint implicitly acknowledges by noting that several of the individuals in question were "current and former state Republican Party Chairs," *id.* at ¶ 74, RNC members can and often do act in multiple capacities, including in their personal capacities. The Complaint does not and cannot allege that the RNC directed members to serve as electors, nor do individuals become electors by virtue of their status as an RNC member. Accordingly, the RNC is not and cannot be deemed responsible for the alleged actions of its members when they are not acting in their capacity as members of the RNC or at its direction. Moreover, once again, these allegations relate to alleged "past wrongs," specifically, conduct during the aftermath of the 2020 election. It does not add new information which, even if taken as true, would establish an imminent risk of future harm.

Finally, the Proposed SAC highlights efforts by Republican officials to recruit and train poll watchers. *See Proposed SAC* at ¶¶ 117-119. In doing so, Plaintiffs omit that designating poll watchers is perfectly lawful and, in many states, a statutory right for political parties. For example, under Michigan law, "[a]t an election, *a political party* or an incorporated organization or organized committee of citizens interested in the adoption or defeat of a ballot question being voted for or upon at the election, or interested in preserving the purity of elections and in guarding against the abuse of the elective franchise, *may designate challengers as provided in this act*." Mich. Comp. Laws § 168.730(1) (emphasis added) (note, the term "challenger" is used in the statute). Rather than viewing poll watching (or "challengers" in the parlance of the Compiled Laws of Michigan) as a nefarious activity, many states appreciate that poll watchers designated by political parties help ensure confidence in the fairness of elections. Moreover, while this lone allegation about lawful activity is future looking, it once again fails to connect these efforts to "impending" future harm to Plaintiffs. Instead, the Proposed SAC relies on insinuation, conclusory statements, and speculation about what "could" happen, Proposed SAC at ¶ 118, without showing that any harms *will* or even *are likely* to happen absent judicial intervention.

Finally, the Complaint highlights activity by state and local officials identified as Republicans. *See, e.g., Proposed SAC* at ¶ 120. However, Plaintiffs provide no evidence that the isolated actions of these individual state and local officials are attributable to the RNC. Accordingly, in addition to being speculative, these allegations fail the third prong of the Supreme Court's test for standing, redressability. Those officials' conduct cannot be remedied through this action, and thus is insufficient to support Plaintiff's claim of standing.

*   *   *

Plaintiffs' Proposed SAC Complaint adds new color to its allegations regarding past conduct, but it does nothing to address the fundamental problem with their VRA claim. Their VRA claim continues to rest of speculation and insinuation that is insufficient to establish that the alleged harm caused by the RNC or any other defendant is "certainly impending." As previously stated, "[i]t is also 'no more than conjecture to suggest that in every' election similar conduct will occur, and it is 'no more than speculation to assert that . . . [Plaintiffs themselves] will again be involved.'" Republican National Committee's Motion to Dismiss Plaintiffs' Amended Complaint and State of Points and Authorities at 7 (ECF No. 24) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 108 (1983). By failing to connect their cited evidence and the harm Plaintiffs claim will befall them, Plaintiffs fail to show that anything like these circumstances are "certainly impending" in 2022, 2024, or beyond. Instead, Plaintiff relies upon spurious implications drawn from alleged past conduct layered on top of speculative conclusions. This is not sufficient to support a claim for equitable relief under the Voting Rights Act. Accordingly, Plaintiffs' effort is futile, and its motion for leave to file a second amended complaint should be denied.

Dated: June 30, 2022    Respectfully submitted,

/s/David A. Warrington
David A. Warrington (1616846)
Harmeet K. Dhillon
Mark P. Meuser
Gary M. Lawkowski (VA125)
DHILLON LAW GROUP INC.
2121 Eisenhower Avenue, Suite 402
Alexandria, VA 22314
(415) 433-1700
harmeet@dhillonlaw.com
mmeuser@dhillonlaw.com
dwarrington@dhillonlaw.com
glawkowski@dhillonlaw.com

Tyler R. Green (982312)
Cameron T. Norris (VA083)
Patrick N. Strawbridge
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tyler@consovoymccarthy.com
cam@consovoymccarthy.com
patrick@consovoymccarthy.com

*Counsel for Defendant Republican National Committee*

## CERTIFICATE OF SERVICE

      I certify that on June 30, 2022, I electronically filed this Opposition with the Clerk of the Court using the CM/ECF system, which will notify all counsel and parties of record.

Dated: June 30, 2022                              */s/ David A. Warrington*