# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MICHIGAN WELFARE RIGHTS ORGANIZATION, *et al.*, )<br><br>*Plaintiffs*, )<br><br>v. )<br><br>DONALD J. TRUMP, *et al.*, )<br><br>*Defendants.* ) | No. 1:20-cv-3388-EGS |

## REPUBLICAN NATIONAL COMMITTEE'S RESPONSE TO PLAINTIFFS' CROSS-MOTION TO COMMENCE DISCOVERY

David A. Warrington (1616846)
Gary M. Lawkowski (VA125)
Harmeet K. Dhillon
Mark P. Meuser
DHILLON LAW GROUP INC.
2121 Eisenhower Ave, Suite 608
Alexandria, Virginia 22314
(703) 574-1206
dwarrington@dhillonlaw.com
glawkowski@dhillonlaw.com
harmeet@dhillonlaw.com
mmeuser@dhillonlaw.com

Tyler R. Green (982312)
Cameron T. Norris (VA083)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tyler@consovoymccarthy.com
cam@consovoymccarthy.com

*Counsel for Defendant Republican National Committee*

"Waiving or setting aside the local rules should be done only in those rare circumstances where enforcing a rule would be prejudicial to *both* parties, delay resolution of the litigation, *and* would have no substantive effect on the Court's ruling." *Barnes v. Dist. of Columbia*, 283 F.R.D. 8, 11 (D.D.C. 2012) (emphasis added). Those "rare circumstances" are not present here.

Plaintiffs nevertheless demand that the Court waive Local Rule 16.3(b) and commence discovery before the Court has determined whether Plaintiffs even state a claim. *See* Doc. 68-1 at 14-15. Plaintiffs cite no case in which this Court has waived Local Rule 16.3(b). Indeed, they cite no authority *at all* in support of their two-page motion, and they don't even attempt to meet the governing legal standard. Defendants have already successfully moved to dismiss Plaintiffs' first amended complaint, and they have not even had the opportunity to move to dismiss the second. Unless this Court stays the litigation, the RNC will file a motion to dismiss on January 2, 2023. The Court should deny Plaintiffs' perfunctory demand to upend the consistent administration of justice served by the Local Rules.

## LEGAL STANDARD

"[E]xpedited discovery is not the norm, *particularly* where defendants have filed a motion to dismiss." *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97 (D.D.C. 2014) (emphasis added). "To determine whether expedited discovery is appropriate, courts have developed two commonly recognized approaches: (1) the *Notaro* test and (2) the reasonableness, or good cause, test." *Disability Rts. Council of Greater Wa. v. Wa. Metro. Area Transit Auth.*, 234 F.R.D. 4, 6 (D.D.C. 2006). Under the *Notaro* test, "a moving party must demonstrate" four things "in order to obtain expedited discovery:"

> (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.

*Guttenberg*, 26 F. Supp. 3d at 97 (quoting *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982)).

Because the *Notaro* test resembles the test for a preliminary injunction, courts often apply a different test—the "good cause" test—"when a plaintiff requests expedited discovery for the purpose of fleshing out a preliminary injunction motion." *Id.* But Plaintiffs have not moved for a preliminary injunction. If they had, the good-cause test would be more appropriate. *Disability Rts. Council*, 234 F.R.D. at 6. The good-cause test considers "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Guttenberg*, 26 F. Supp. 3d at 98.

## ARGUMENT

Plaintiffs fail both the *Notaro* test and the good-cause test.

*First*, Plaintiffs fail the *Notaro* test because they have not shown irreparable injury. This Court dismissed Plaintiffs' first amended complaint because Plaintiffs failed to allege future harm. Doc. 49 at 42. Their second amended complaint also fails to allege future harm, much less *irreparable* harm. The third and fourth elements likewise require Plaintiffs to demonstrate a "connection between the expedited discovery and the avoidance of the irreparable injury," and "evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." *Guttenberg*, 26 F. Supp. 3d at 97. Again, Plaintiffs don't even attempt to meet these elements. They offer no evidence or argument explaining how expedited discovery would avoid irreparable injury or outweigh the prejudice against Defendants. Plaintiffs' failure to introduce any evidence supporting their thin accusations dooms their motion.

*Second*, Plaintiffs have not shown a probability of success on the merits. Again, Plaintiffs have introduced no evidence at this stage—only allegations. And this Court has already found that those allegations failed to state a claim. *See* Doc. 49. Plaintiffs' argument that the Court is likely to deny a second motion to dismiss therefore rings hollow. Indeed, the only success Plaintiffs have obtained is in amending their complaint, for which "the court should freely give leave." Fed. R. Civ. P. 15(a)(2). Plaintiffs argue that the Court's order granting them leave to amend demonstrates a "low likelihood" that Defendants can successfully move to dismiss the new complaint. Doc. 68-1 at 14. But the "generous standard" for granting leave to amend is not the same standard this Court applies to a motion to dismiss. *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 301 F.R.D. 5, 8 (D.D.C. 2013). In granting Plaintiffs leave to amend, the Court is not "prejudging the merits of … a motion to dismiss." *Associated Mortg. Bankers Inc. v. Carson*, No. 1:17-cv-75, 2017 WL 6001733, at *6 (D.D.C. Dec. 1, 2017). Much less is the Court prejudging the merits of Plaintiffs' entitlement to relief. "[P]laintiffs have failed to identify any irreparable injury they will suffer absent expedited discovery and do not address their likelihood of success on the merits. Accordingly, they clearly have not satisfied the *Notaro* test." *Landwehr v. FDIC*, 282 F.R.D. 1, 4 (D.D.C. 2010) (citation omitted). Their motion should be denied.

Regardless, Plaintiffs' request for expedited discovery fails even under the good-cause test. *See Attkisson v. Holder*, 113 F. Supp. 3d 156, 162 (D.D.C. 2015) (Sullivan, J.) (agreeing "that the good-cause standard is more appropriate"). Plaintiffs' motion is disfavored at the outset because they have not moved for a preliminary injunction. *See Guttenberg*, 26 F. Supp. 3d at 98. That is, "plaintiffs are not seeking expedited discovery to gain evidence to get the court to preserve the status quo." *Disability Rts. Council*, 234 F.R.D. at 7. Rather, "they want to gather all the evidence they would need to radically transform the status quo, on an expedited basis." *Id.* But that is not

3

an appropriate request. *Id.* In short, Plaintiffs' demand that discovery begin *right now* cannot be taken seriously when they haven't even moved for immediate relief.

The breadth of Plaintiffs' request also weighs heavily against expediting discovery. Generally, parties seeking expedited discovery do so in a targeted manner. *See Warner Bros. Recs. v. Does 1-6*, 527 F. Supp. 2d 1, 3 (D.D.C. 2007) (Sullivan, J.) (granting an expedited third-party subpoena for the limited purpose of identifying the unnamed defendants' names and whereabouts); *Simon v. Republic of Hungary*, No. 1:10-cv-1770, 2012 WL 13069772, at *5 (D.D.C. Oct. 19, 2012) (granting an expedited oral deposition of a 97-year old man held under house arrest by the Hungarian government because there was a risk that the "critical witness may pass away" before the plaintiffs were able to depose him). Plaintiffs' request, on the other hand, does not even "purport[] to be narrow." *True the Vote, Inc. v. IRS*, No. 1:13-cv-734, 2014 WL 4347197, at *7 (D.D.C. Aug. 7, 2014). They request that the *entire* discovery process start immediately, regardless of how the litigation proceeds. Doc. 68-1 at 15. That factor alone violates this Court's command that "[a]ny requested discovery must be limited in scope." *Attkisson*, 113 F. Supp. 3d at 162.

Plaintiffs also demand discovery with no regard for whether their claims will be trimmed by judicial rulings or narrowed by Defendants' pleadings. There is thus "a significant likelihood that the scope of the expedited discovery sought by the plaintiffs will be quite broad and highly burdensome to the defendants." *Landwehr*, 282 F.R.D. at 4. Courts have denied requests for expedited depositions that sought "relatively broad discovery on issues going to the merits of their case." *Guttenberg*, 26 F. Supp. 3d at 98. Plaintiffs don't just request depositions on narrow issues. They demand that all discovery begin immediately. "It is brutally unfair" for plaintiffs to add allegations to their complaint, "but at the same time shorten the time [the defendant] has to respond

4

to their demands and to gather information that [the defendant] needs to defend itself." *Disability Rts. Council*, 234 F.R.D. at 7.

Moreover, Plaintiffs' stated purpose for the expedited discovery is insufficient. Plaintiffs say that motions to dismiss would be "a waste of time" because the Court has addressed "the majority of Defendants' arguments for dismissal of Plaintiffs' VRA claim." Doc. 68-1 at 14. But that proves too much: the Court has not yet addressed Defendants' important First Amendment defenses, nor has it addressed *the other half* of Plaintiffs' lawsuit alleging violations of 42 U.S.C. §1985(3). Regardless, as explained already, the Court's order granting Plaintiffs' leave to amend their complaint does not "not prejudge the merits of this case before [the Court] has the opportunity to resolve the motions to dismiss." *Simon*, 2012 WL 13069772, at *5. That the Court granted Defendants' first motions to dismiss demonstrates that they are not "a waste of time."

Plaintiffs also claim that "discovery is highly likely to lead to even more support for Plaintiffs' claims." Doc. 68-1 at 14. Even if that were true, and even if it were supported by evidence, it does not explain why discovery needs to begin immediately. No court has recognized that as justification to expedite discovery, and doing so would undermine the very purpose of Local Rule 16.3(b).

Courts do, however, consider prejudice to the defendant. And here that prejudice would be enormous. Plaintiffs want to begin *all* discovery before Defendants have had the opportunity to respond to their new complaint. Defendants thus face a real risk that they will be forced to respond to discovery requests on claims that are ultimately dismissed or, at the very least, respond to requests that exceed the scope of the pleadings they have not yet filed. Worse than that, "[i]t is at least plausible that plaintiffs seek expedited discovery … to fend off a renewed motion to dismiss." *Guttenberg*, 26 F. Supp. 3d at 99. The court in *Guttenberg* found that issue "particularly

5

problematic" when "plaintiffs also seek injunctive relief in their complaint" and moved to expedite discovery "after defendants argued in their motion to dismiss that the allegations in the complaint do not support granting injunctive relief." *Id.* It is thus "at least plausible" that Plaintiffs seek expedited discovery to save their second amended complaint from the defects that resulted in the dismissal of their first amended complaint. *Id.*

Finally, "Plaintiffs' demonstrated lack of urgency in seeking expedited discovery also weighs against granting their request." *Id.* at 98. Plaintiffs did not seek expedited discovery when they filed their initial complaint, or their first amended complaint, or at any point until now. Both sides have sought modest deadline extensions that are well within the norm. Plaintiffs cannot complain of delay that *they caused* by filing deficient pleadings. It is their fault—not Defendants'—that they are on the third version of their complaint. Plaintiffs likewise cannot complain about abiding by the rules of their chosen forum, particularly when they resisted transfer to their home jurisdiction. *See* Doc. 23.

## CONCLUSION

For every reason this Court can deny Plaintiffs' motion, it should. Plaintiffs don't even cite the governing standard, let alone satisfy it. And under either the *Notaro* test or the good-cause test, Plaintiffs are not entitled to expedited discovery. "[P]articularly where defendants have filed a motion to dismiss," requiring them "to expend significant resources in responding to plaintiffs' discovery requests would be unjust." *Guttenberg*, 26 F. Supp. 3d at 97, 99. Plaintiffs cite no authority in support of their extraordinary request to waive the Court's Local Rules. The Court should thus deny their motion.

Dated: December 30, 2022

David A. Warrington (1616846)
Gary M. Lawkowski (VA125)
Harmeet K. Dhillon
Mark P. Meuser
DHILLON LAW GROUP INC.
2121 Eisenhower Ave, Suite 608
Alexandria, Virginia 22314
(703) 574-1206
dwarrington@dhillonlaw.com
glawkowski@dhillonlaw.com
harmeet@dhillonlaw.com
mmeuser@dhillonlaw.com

Respectfully submitted,

*/s/ Tyler R. Green*
Tyler R. Green (982312)
Cameron T. Norris (VA083)
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tyler@consovoymccarthy.com
cam@consovoymccarthy.com

*Counsel for Defendant Republican National Committee*

**CERTIFICATE OF SERVICE**

      I e-filed the foregoing with the Court via CM/ECF, which will notify everyone requiring notice.

Dated: December 30, 2022                <u>*/s/ Tyler R. Green*</u>
                                                     Tyler R. Green
                                                     *Counsel for Republican National Committee*