UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHIGAN WELFARE RIGHTS ORGANIZATION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Case No. 1:20-cv-03388-ACR |

### PLAINTIFFS' MOTION FOR STATUS CONFERENCE AND STATEMENT OF POINTS AND AUTHORITIES

Plaintiffs Michigan Welfare Rights Organization, NAACP, Maureen Taylor, Nicole L. Hill, and Teasha K. Jones, by counsel, respectfully move for the Court to schedule a status conference before this Court to discuss the status of the case and the pending motions. Given that this case has been pending for nearly three years, no discovery has taken place, and the 2024 presidential election is fast approaching, Plaintiffs request an opportunity to discuss Defendants' renewed motions to dismiss (Dkt. Nos. 71 & 72) and Plaintiffs' Cross-Motion to Commence Discovery (Dkt. 68) requesting that discovery be permitted to begin. In the alternative to such status conference, Plaintiffs respectfully request that the Court grant Plaintiffs' Cross-Motion to Commence Discovery. As grounds therefore, Plaintiffs state as follows:

1.      Plaintiffs commenced this lawsuit in November 2020. On December 21, 2020, Plaintiffs filed an Amended Complaint (Dkt. 8) raising two claims against all Defendants: a claim arising under Section 11(b) of the Voting Rights Act, seeking injunctive relief, and a claim arising under the Ku Klux Klan Act, seeking monetary damages. Defendants filed motions to dismiss (Dkts. 24 & 25). On March 31, 2022, the Court issued an order granting in part and

1

holding in abeyance in part the motions to dismiss on March 31, 2022 (Dkt. 48).  On June 16, 2022, Plaintiffs filed a motion for leave to file a Second Amended Complaint (the "SAC") with the same two claims, but more detailed allegations (Dkt. 55).  On November 28, 2022, the Court granted the motion for leave, concluding that the SAC is not futile, and rejecting former President Trump's defense of absolute immunity (Dkt. 59).  On January 2, 2023, Defendants moved to dismiss the SAC (Dkts. 71, 72).  The motions to dismiss were fully submitted as of February 1, 2023.  On February 24, 2023, this case was reassigned from Judge Emmet G. Sullivan to Your Honor.

2. In the time since Plaintiffs filed their Complaint in November 2020, discovery has not proceeded because Local Civil Rule 16.3(b) exempts from discovery cases in which no answer has been filed.  In December 2022, the parties engaged in motion practice regarding the commencement of discovery.  On December 12, 2022, former President Trump and the Trump Campaign moved to stay all pretrial proceedings, including discovery, with respect to all parties, until resolution of former President Trump's appeal of this Court's decision that he is not immune from suit (Dkt. 66).  The RNC joined the motion (Dkt. 67).  On December 23, 2022, Plaintiffs cross-moved to commence discovery (Dkt. 68).  Those motions are also fully submitted and have been pending for over eight months.

3. Plaintiffs should be permitted to commence discovery now because obtaining discovery is crucial, *inter alia*, to obtaining injunctive relief avoiding irreparable injury to Plaintiffs and other voters in advance of the 2024 presidential election.  Moreover, former President Trump's pending appeal does not provide a basis to delay discovery.  As explained in more detail in Plaintiffs' Opposition to Defendants' Motion for a Stay (Dkt. 68-1), former President Trump's purported immunity from suit applies only to civil damages and would not

make him immune from the injunctive relief Plaintiffs seek pursuant to their VRA claim.  Even if former President Trump were to prevail in his appeal (which is currently stayed), Plaintiffs would still be able to assert their VRA claim against him.  *Id.* at 6-8.  Accordingly, discovery related to that claim should not be stayed, and Plaintiffs should be entitled to the discovery that would enable them to obtain an injunction to prevent all Defendants from, for example, intimidating or coercing officials to disregard lawful votes or overturn the result of an election.

        4.       Republican presidential primaries will commence in a few months, shortly after the Iowa caucuses take place on January 15, 2024.[1]  The 2024 general election is fewer than 14 months away, and former President Trump has announced his candidacy, which underscores the importance of Plaintiffs' being able to vindicate their rights to ensure that voters are fairly counted, and that there is no intimidation or coercion of voters and election officials.  Since the filing of the Second Amended Complaint, former President Trump has made threatening statements in connection with the criminal cases against him.[2]  Plaintiffs need to obtain discovery promptly in order to obtain any injunctive relief necessary to prevent Defendants from repeating their VRA violation.

        5.       Defendants' pending motions to dismiss do not present a valid basis for deferring discovery, as those motions are unlikely to succeed for the reasons contained in Plaintiffs' opposition to the motions (Dkt. 75).  Furthermore, the facts alleged in the indictments against former President Trump only strengthen Plaintiffs' claims against the Defendants, and how they worked in concert in an effort to violate Plaintiffs' rights to have their votes counted and considered fairly as required by federal law:

---

[1] https://www.cnn.com/2023/07/08/politics/iowa-caucuses-republican-president-primary-2024/index.html.
[2] *See United States v. Trump*, 23-cr-257 (D.D.C. Aug. 4, 2023), ECF No. 10, at 3 (post by former President Trump stating: "IF YOU GO AFTER ME, I'M COMING AFTER YOU!").

a. On July 18, 2023, sixteen individuals who served as fake electors in 2020 were each charged with eight felonies, including election law forgery and conspiracy to commit election law forgery.[3] One of the defendants is RNC member Kathy Berden.[4] Another defendant is Meshawn Maddock, a former RNC member and Michigan Republican Party Co-Chair.[5] This is consistent with Plaintiffs' allegations that the RNC (including Meshawn Maddock) and the Trump Defendants "acted in concert, to identify individuals to serve in the 'alternate slates of electors.'" (Dkt. 60 ¶¶ 72, 75.)

b. On August 1, 2023, a grand jury indictment against former President Trump was filed in this District. The grand jury indictment alleges that former President Trump received help from the RNC Chairwoman (Ronna McDaniel) to organize the slates of false electors.[6] Again, this is consistent with Plaintiffs' allegations that the Trump Defendants and the RNC conspired to organize alternate slates of electors.

c. On August 14, 2023, an indictment was filed in Georgia state court against former President Trump and eighteen other defendants for numerous crimes related to election interference. The indictment alleges that former President Trump obtained assistance from the RNC Chairwoman Ronna McDaniel to gather false slates of electors, and that co-conspirators working on behalf of

---

[3] https://www.cnn.com/2023/08/10/politics/michigan-fake-elector-arraignments/index.html; https://apnews.com/article/fake-elector-michigan-republican-df7803fca3862be713d9d6d29fb77e81.
[4] https://apnews.com/article/fake-elector-michigan-republican-df7803fca3862be713d9d6d29fb77e81.
[5] https://apnews.com/article/fake-elector-michigan-republican-df7803fca3862be713d9d6d29fb77e81; https://www.nytimes.com/2023/08/04/us/michigan-electors-charges.html.
[6] https://www.cnbc.com/2023/08/01/trump-indictment-live-updates-former-president-predicts-charges.html (noting that the indictment states that former President Trump and an unnamed co-conspirator spoke with the RNC Chairwoman to ensure that the "the plan was in motion," that the RNC Chairwoman later told former President Trump that work on the plan was "underway," and that McDaniel was then the RNC Chairwoman at that time).

former President Trump and the Trump Campaign used the RNC headquarters for a press conference where they made false statements concerning fraud in the presidential election.[7] This is consistent with Plaintiffs' allegations that the Trump Defendants and the RNC engaged in a conspiracy to disenfranchise voters. (Dkt. 60 ¶¶ 20, 128.)

6. Accordingly, Plaintiffs respectfully request a status conference before this Court as soon as possible to discuss the status of the case and the pending motions, including Plaintiffs' cross-motion to commence discovery. In the alternative to such status conference, Plaintiffs respectfully request that the Court grant Plaintiffs' Cross-Motion to Commence Discovery.

7. Pursuant to Local Rule 7(m), undersigned counsel contacted counsel for former President Trump, the Trump Campaign, and the RNC on September 8, 2023 and September 11, 2023 seeking their position on the relief sought by this motion. Counsel for the RNC stated that the RNC takes no position on Plaintiffs' request for a status conference, but opposes the opening of discovery. Counsel for the Trump Defendants stated that they oppose any further proceedings in this matter (including a status conference) until the immunity question is finally decided.

8. Plaintiffs' counsel are available for a status conference in the weekday mornings from September 18, 2023 through September 29, 2023. Plaintiffs respectfully request that the conference be held via videoconference or teleconference.

WHEREFORE, Plaintiffs respectfully move this Court to schedule a status conference in this matter.

---

[7] https://www.nytimes.com/interactive/2023/08/15/us/politics/trump-georgia-indictment-annotated.html.

Dated: September 12, 2023

Samuel Spital (D.D.C Bar No. SS4839)
Janai S. Nelson (*pro hac vice*)
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St., 5th Floor
New York, NY 10006
(212) 965-2200

Anuja D. Thatte (D.D.C.
Bar No. 1742276)
Joseph Wong (D.D.C
Bar No. 1017589)
NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND,
INC.
700 14th Street NW, Ste. 600
Washington, DC 20005
(202) 682-1300

Respectfully submitted,

*/s/ Jason M. Bradford*
Jason M. Bradford (D.D.C Bar No. IL0073)

Jason M. Bradford (D.D.C Bar No. IL0073)
Jonathan A. Enfield (D.D.C Bar No. IL0074)
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on September 12, 2023, I electronically filed the foregoing Plaintiffs' Motion for Status Conference and Statement of Points and Authorities with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel and parties of record.

Dated:  September 12, 2023               /s/ *Jason M. Bradford*
                                                                                                      Jason M. Bradford
                                                                                                      Attorney for Plaintiffs