UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHIGAN WELFARE RIGHTS
ORGANIZATION, *et al.*,

    *Plaintiffs*,

v.

DONALD J. TRUMP, *et al.*,

    *Defendants*.

Case No. 1:20-cv-03388

### JOINT STATUS REPORT

Plaintiffs Michigan Welfare Rights Organization, NAACP, Maureen Taylor, Nicole L. Hill, and Teasha K. Jones (collectively, "Plaintiffs") and Defendants Donald J. Trump, Donald J. Trump for President, Inc. ("Trump Campaign"), and the Republican National Committee ("RNC") (collectively, "Defendants") submit this joint status report on the status of *Blassingame v. Trump*, 22-5069 (D.C. Cir.), pursuant to the Court's December 7, 2023 Minute Order.

The D.C. Circuit issued its immunity decision in *Blassingame* on December 1, 2023. *Blassingame v. Trump*, 87 F. 4th 1 (D.C. Cir. 2023). The deadline to file a petition for a writ of certiorari to the United States Supreme Court in *Blassingame* was February 15, 2024, and no such petition was filed. On February 16, 2024, the D.C. Circuit issued a mandate in accordance with its judgment of December 1, 2023 in that matter.

Pending before this Court are Defendants' December 12, 2022 motion to stay pretrial proceedings pending appellate resolution of President Trump's claim of absolute immunity (Dkt. 66); Plaintiffs' December 23, 2022 cross-motion to commence discovery (Dkt. 68); and Defendants' January 2, 2023 motions to dismiss the Second Amended Complaint (Dkts. 71, 72).

1

The parties' respective views on further proceedings in this matter are set forth below.

**<u>Plaintiffs' Position</u>**

This case should proceed. Issuance of the mandate in *Blassingame* mooted Defendants' request for a stay "until President Trump's claim of absolute immunity is finally resolved" (Dkt. 66-1) because former President Trump's previously-pending appeal in *Blassingame* has been resolved. On December 1, 2023, the D.C. Circuit held that former President Trump does not "enjoy[] absolute immunity from civil damages liability whenever he speaks on matters of public concern." 87 F.4th at 14. That holding is controlling here because, as Defendants explained to the D.C. Circuit regarding their appeal arising from this case, "*Blassingame* and [Defendants' appeal arising from this case] are appeals concerning the same issue[.]" Appellant Trump's Mot. to Stay Appeal or Hold in Abeyance Pending Writ of Certiorari at 3, *Mich. Welfare Rights Org. v. Trump*, Case No. 22-7164 (D.C. Cir. Jan. 2, 2024), ECF No. 2034098. The deadline to file a petition for a writ of certiorari regarding the D.C. Circuit's *Blassingame* decision lapsed on February 15, 2024.

Indeed, upon remand, *Blassingame* and its consolidated cases are not stayed and are now proceeding before Judge Mehta. *See, e.g.*, Order at 2, *Blassingame v. Trump*, No. 21-cv-858 (D.D.C. Feb. 16, 2024), ECF No. 46 (noting that the consolidated cases had been remanded from the D.C. Circuit and ordering a status conference); *see also* Feb. 23, 2024 Minute Order, *Lee v. Trump*, No. 21-cv-400 (D.D.C. Feb. 23, 2024) (consolidated with *Blassingame*, setting an additional status conference and requiring a joint report regarding, *inter alia*, "the scope of discovery"). Thus, Defendants' reason for seeking a stay in the instant case has been mooted, and their motion to stay should be denied.

Defendant Trump's contention that this Court does not have jurisdiction to move forward

with the case is wrong. As Plaintiffs have previously explained, this Court has jurisdiction to resolve any matter that is not subject to appeal. (Nov. 29, 2023 Status Hearing Tr. 9:21-10:3 (citing *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 739-40 (2023)). As noted above, the decision in *Blassingame* controls this case. Even if it did not, at minimum the Court retains jurisdiction over other issues and parties in the case—implicitly acknowledged by the D.C. Circuit's order that contemplated this Court's ability to rule on the pending motions to dismiss even while the appeal was held in abeyance (Dkt. 80).

To the extent that Defendant Trump now requests a stay in this case while his criminal cases are pending, such a stay is unwarranted and inappropriate. As Defendant Trump himself acknowledges, he is not entitled to such a stay—rather, the decision is within the Court's discretion. And the Court should not grant such a stay on the basis of this report. If Defendant Trump desires to seek a stay based on the pending criminal cases against him, this report is not the vehicle for such a request. He should be required to do so according to Federal Rule of Civil Procedure 7 and Local Civil Rule 7 so that Plaintiffs may respond in due course.

Any such attempt would be meritless, as a stay of civil proceedings pending the outcome of related criminal proceedings is not ordinarily required. *See SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1374-75 (D.C. Cir. 1980); *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012). On the contrary, a "total stay of civil discovery pending the outcome of related criminal matters is an extraordinary remedy[.]" *Weil v. Markowitz*, 829 F.2d 166, 174 n.17 (D.C. Cir. 1987). Defendant Trump remains free to exercise his Fifth Amendment rights as to any questions that may implicate him without prejudicing himself and without halting this litigation. Plaintiffs' case has been effectively stayed since Defendant Trump's motion to stay pretrial proceedings pending the appellate resolution of his absolute immunity claim (*see* Dkt. 66), and the

public interest would be served by resolving claims of election interference before the next Presidential election, especially claims against parties which will again be involved in that election. Given the low risk of prejudice to Defendant Trump and the continuing and increasing prejudice to Plaintiffs with each day the Defendants delay this case, the Court should deny any further stay. In any event, as Plaintiffs' briefing has established (*see* Dkt. 68-1), even if former President Trump's immunity defense were valid (which it is not), it would not apply to the injunctive relief claim against him and would not apply at all to any claims against Defendants RNC or the Trump Campaign. Similarly, Defendants RNC and the Trump Campaign have not claimed that they face criminal proceedings related to the facts of this case. Discovery as to these parties should commence at the earliest possible date.

Defendant Trump's assertion that discovery should be stayed for all parties until the immunity issue and motions to dismiss are resolved, relying on *Iqbal*, is misguided. As Plaintiffs explained in their Cross-Motion to Commence Discovery (Dkt. 68-1 at 9), *Iqbal*'s concerns regarding freeing public officials from the burdens of discovery do not apply to Defendant Trump, who currently holds no public office. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (analyzing qualified-immunity doctrine and noting the doctrine's "basic thrust … is to free *officials* from the concerns of litigation" (citation omitted) (emphasis added)). Additionally, Defendant Trump will be subject to discovery regardless of a final decision on the immunity question, based on the injunctive relief sought by Plaintiffs, as discussed above.

Upon denying Defendants' motion to stay, this Court should grant Plaintiffs' cross-motion to commence discovery and should allow Plaintiffs to begin taking discovery promptly. Any other result would effectively deny Plaintiffs a remedy to protect their rights in advance of the 2024 elections. As the Court noted during the November 29, 2023 status hearing, "Holding this [matter]

in abeyance and continuing not to act is actually going to deny [Plaintiffs] the [injunctive] relief that they seek, effectively, by not resolving their claims. That's a problem." (Nov. 29, 2023 Tr. 15:20-22.) Plaintiffs' Proposed Order regarding Defendants' motion for a stay and Plaintiffs' cross-motion to commence discovery is attached hereto.

As to Defendants' motions to dismiss, the motions are now ripe for decision, and for the reasons set forth in Plaintiffs' briefing (Dkt. 75), this Court should deny the motions.

**Defendant President Trump's Position**

This case is in a different procedural posture than the cases directly impacted by the remanded *Blassingame* case for two reasons: (1) there are pending Motions to Dismiss in this case that remain undecided, and (2) the D.C. Circuit has not yet acted on President Trump's appeal. Due to this unique procedural posture, action by this Court now would be premature because this matter is still before the D.C. Circuit where there is a pending motion for summary affirmance based on the *Blassingame* decision. Until that appeal is resolved, and a mandate is issued, this Court lacks jurisdiction to take any action as to President Trump. In addition, it would be inappropriate to engage in any discovery, even limited immunity-based discovery, until this Court has ruled upon the pending motions to dismiss, which may be granted for independent reasons beyond absolute immunity, as briefed.

Moreover, discovery should be stayed, at least as to President Trump, pending the result of his criminal matters, *United States v. Donald J. Trump,* Case No. 1:23-cr-00257 (D.D.C.), and *Georgia v. Donald J. Trump, et al.*, Case No. 23SC188947 (Fulton County Superior Court). Indeed, the immunity question itself is currently before the Supreme Court on the question of criminal immunity and will be heard by the Court during the week of April 22, 2024. *See Donald J. Trump v. United States,* No. 23-939, 601 U.S. ___ (2024) (order granting certiorari).

While criminal matters are pending, courts have discretion to stay related civil cases because "denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory against the prosecution in advance of trial, or otherwise prejudice the criminal case." *Kurd v. Republic of Turkey*, No. CV 18-1117 (CKK), 2022 WL 17961245, at *1 (D.D.C. Dec. 27, 2022) (citing *Sec. & Exchange Comm'n v. Dresser Indus. Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (en banc), cert. denied, 449 U.S. 993 (1980)). Accordingly, this Court should stay all matters as to President Trump while his criminal matters are pending.

In short, the allegations in the criminal cases overlap with the allegations in Plaintiffs' operative complaint. *Compare* Dkt. No. 60 ("Because former President Trump lost the popular vote in Michigan and other states that were necessary for a majority of the electoral college, Defendants worked to block certification of the results on the (legally incorrect) theory that blocking certification would allow state legislatures to override the will of the voters and choose the Trump Campaign's slate of electors."), *with* Exhibit 1, Indictment of Donald J. Trump, Case No. 1:23-cr-257 at ¶¶ 10, 15, 18, 53 – 69.

In addition, discovery should be stayed for all parties until the immunity issue and motions to dismiss are fully resolved, for at least two reasons. First, the Supreme Court has instructed courts not to proceed with partial discovery while an immunity issue is pending. *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009). That is because President Trump has both a right to participate in discovery and a claim to official immunity that "free[s] officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Id.* If discovery were stayed only as to President Trump, "[i]t is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for

petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position." *Id.* Even partial discovery would violate these immunity principles until the issue is finally resolved. Second, Plaintiffs allege a conspiracy among the Defendants. The claims and factual allegations are thus inextricably intertwined among all parties, and discovery will be, too.

Setting aside these initial matters, it is the position of Defendants that there should be no merits proceedings until the immunity issue is resolved. The D.C. Circuit's opinion in *Blassingame* remanded that case for the purpose of engaging in limited fact discovery based on the immunity issue, not to engage in any proceedings on the merits. *Blassingame*, 87 F.4th at 29. Specifically, the Circuit Court ordered:

> While we affirm the district court's denial of President Trump's claim of official-act immunity at the current stage of the proceedings, **that does not mean the proceedings now instantly move ahead to engage with the merits of the plaintiffs' claims**…He thus has had no opportunity to dispute the plaintiffs' allegations bearing on the immunity question or to introduce his own facts pertaining to the issue. He must be afforded that opportunity **before the proceedings can move ahead to the merits**, including before any merits-related Discovery.

*Blassingame*, 87 F.4th at 29 (emphasis added). Accordingly, any proceedings other than limited scope discovery on immunity would be beyond what is permissible at this point under the D.C. Circuit's opinion, including filing any answer or engaging in any other discovery related to the merits of this case. In addition, as noted by Plaintiffs, there is a pending motion to commence discovery, which should be denied for the reasons above.

While this Court did not request any briefing or position on the scope or timeline of such immunity-based discovery, the Defendants are prepared and willing to provide their positions on such issues as needed.

**Defendant RNC's Position**

The RNC agrees with President Trump that no further proceedings—other than dismissal—should occur until a final resolution of President Trump's immunity claim. For the reasons set forth in the RNC's briefing (Docs. 71, 81), the RNC believes this Court should grant the RNC's Motion to Dismiss.

| | |
|---|---|
| Dated:  March 1, 2024 | Respectfully submitted, |
| */s/ Jason M. Bradford* <br> Jason M. Bradford (D.D.C Bar No. IL0073) <br> Jenner & Block LLP <br> 353 N. Clark St. <br> Chicago, IL 60654 <br> (312) 222-9350 <br><br> Christian J. Hatten (D.D.C. Bar No. 90005584) <br> Jenner & Block LLP <br> 1099 New York Avenue, NW <br> Suite 900 <br> Washington, DC 20001 <br> (202) 637-6354 <br><br> Samuel Spital (D.D.C Bar No. SS4839) <br> Janai S. Nelson (*pro hac vice*) <br> NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC. <br> 40 Rector St., 5th Floor <br> New York, NY 10006 <br> (212) 965-2200 <br><br> Anuja D. Thatte (D.D.C. Bar No. 1742276) <br> NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC. <br> 700 14th Street NW, Ste. 600 <br> Washington, DC 20005 <br> (202) 682-1300 <br><br> *Counsel for Plaintiffs* | */s/ Jesse R. Binnall* <br> Jesse R. Binnall, VA022 <br> Jason Greaves <br> THE BINNALL LAW GROUP, PLLC <br> 717 King Street, Suite 200 <br> Alexandria, Virginia 22314 <br> Tel:  (703) 888-1943 <br> Fax: (703) 888-1930 <br> jesse@binnall.com <br> jason@binnall.com <br><br> *Counsel for President Donald J. Trump and Donald J. Trump for President, Inc.* <br><br> */s/ Gilbert C. Dickey* <br> Gilbert C. Dickey <br> Conor D. Woodfin <br> Consovoy McCarthy PLLC <br> 1600 Wilson Blvd., Ste. 700 <br> Arlington, VA 22209 <br> (703) 243-9423 <br> gilbert@consovoymccarthy.com <br> conor@consovoymccarthy.com <br><br> David A. Warrington (1616846) <br> Gary M. Lawkowski (VA125) <br> Dhillon Law Group Inc. <br> 2121 Eisenhower Ave, Suite 608 <br> Alexandria, Virginia 22314 <br> (703) 574-1206 <br> dwarrington@dhillonlaw.com <br> glawkowski@dhillonlaw.com <br><br> *Counsel for Defendant Republican National Committee* |