UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHIGAN WELFARE RIGHTS ORGANIZATION, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Case No. 1:20-cv-03388-TSC |

### PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT PURSUANT TO FED. R. CIV. P. 15(A)(2)

Plaintiffs Michigan Welfare Rights Organization ("MWRO"), NAACP, Maureen Taylor, Nicole L. Hill, and Teasha K. Jones (collectively, "Plaintiffs"), by counsel, respectfully move for leave of the Court to amend their Complaint, pursuant to Fed. R. Civ. P. 15(a)(2), to remove the claim for civil damages under 42 U.S.C. § 1985(3) against former President Trump. Plaintiffs move for leave to amend the Complaint to the extent necessary to remove this single claim against this single Defendant.[1] Defendants have previously asserted that former President Trump is immune as to civil damages. Plaintiffs have shown there is no immunity for the purely private conduct at issue here, and the D.C. Circuit rejected Defendants' claim of such blanket immunity. *See Michigan Welfare Rts. Org. v. Trump*, No. 22-7164, 2024 WL 1128081, at *1 (D.C. Cir. Mar. 8, 2024) (summary affirmance rejecting former President Trump's immunity assertion in this case, based on

---

[1] The current Complaint asserts claims for civil damages and injunctive relief against all Defendants. As noted, this Motion seeks leave to remove only the civil damages claim under 42 U.S.C. § 1985(3) against former President Trump. If this Motion is granted, Plaintiffs would maintain the claim for injunctive relief under Section 11(b) of the Voting Rights Act, 52 U.S.C. § 10307(b), against former President Trump as well as the other Defendants (the Trump Campaign and RNC). Plaintiffs also would maintain the claim for civil damages under 42 U.S.C. § 1985(3) as to the Trump Campaign and the RNC.

1

D.C. Circuit's dispositive ruling in *Blassingame v. Trump*, 87 F.4th 1 (D.C. Cir. 2023) that former President Trump cannot assert immunity for actions that he took "in his personal capacity as presidential candidate"). But in the interest of an expeditious resolution of this case, and to avert any further litigation about immunity in light of the Supreme Court's decision in the criminal case, *Trump v. United States*, 603 U.S. ___ (2024), Plaintiffs move for leave to amend their Complaint to remove the claim for civil damages against former President Trump.

Under Rule 15(a)(2), the Court "should freely give leave when justice so requires." It is "common ground that Rule 15 embodies a generally favorable policy toward amendments." *Howard v. Gutierrez*, 237 F.R.D. 310, 312 (D.D.C. 2006) (quoting *Davis v. Liberty Mutual Insurance Co.*, 871 F.2d 1134, 1136–37 (D.C. Cir. 1989)). Furthermore, "it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as undue delay, bad faith or dilatory motive[,] repeated failure to cure deficiencies by previous amendments[,] or futility of amendment." *Bode & Grenier, LLP v. Knight*, 808 F.3d 852, 860 (D.C. Cir. 2015) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (cleaned up).

This request is timely, is in good faith, and is not futile. This request does not prejudice the Defendants in any way—it simply drops a single claim against one party. As such, this motion for leave to amend the Complaint would cause no delay, as the parties' positions on the remaining issues have been fully briefed. On the contrary, this amendment seeks to move this long-delayed case forward, and, as acknowledged by this Court, the window for Plaintiffs to receive injunctive relief continues to shrink as the 2024 Presidential election approaches. (Dkt. 90, Nov. 29, 2023 Tr. 15:20-22.) ("Holding this [matter] in abeyance and continuing not to act is actually going to deny [Plaintiffs] the [injunctive] relief that they seek, effectively, by not resolving their claims. That's a problem.").

Respectfully submitted,

*/s/ Jason M. Bradford*
Jason M. Bradford (D.D.C. Bar No. IL0073)

Jason M. Bradford (D.D.C. Bar No. IL0073)
Jenner & Block LLP
353 N. Clark St.
Chicago, IL 60654
(312) 222-9350

Christian J. Hatten (D.D.C. Bar No. 90005584)
Jenner & Block LLP
1099 New York Avenue, NW, Ste. 900
Washington, DC 20001
(202) 637-6354

Samuel Spital (D.D.C. Bar No. SS4839)
Janai S. Nelson (*pro hac vice*)
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St., 5th Floor
New York, NY 10006
(212) 965-2200

Joseph Wong (D.D.C. Bar No. 1017589)
Anuja D. Thatte (D.D.C. Bar No. 1742276)
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street, NW, Ste. 600
Washington, DC 20005
(202) 682-1300

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on August 19, 2024, I electronically filed the foregoing Plaintiffs' Motion for Leave to Amend Complaint pursuant to Fed. R. Civ. P. 15(a)(2) and the accompanying proposed order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel and parties of record.

Dated: August 19, 2024                         /s/ Jason M. Bradford
                                               Jason M. Bradford
                                               Attorney for Plaintiffs