**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHIGAN WELFARE RIGHTS ORGANIZATION, *et al.*, | |
| *Plaintiffs*, | Case No. 1:20-cv-03388-TSC |
| v. | |
| DONALD J. TRUMP, *et al.*, | |
| *Defendants*. | |

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE
TO AMEND COMPLAINT PURSUANT TO FED. R. CIV. P. 15(A)(2)**

Defendants' opposition obfuscates a simple matter: removing one claim for civil damages against one Defendant. Specifically, Plaintiffs respectfully move for leave of this Court to remove one claim for civil damages under 42 U.S.C. § 1985(3) against Former President Trump to avoid any remaining ambiguity about whether immunity needs to be litigated. It does not. By removing the sole claim where any Party has any potential immunity defense, discovery can proceed expeditiously. Indeed, to resolve any issue around whether Defendant Trump is prejudiced by this amendment, Plaintiffs are willing to dismiss this claim with prejudice as to Former President Trump. And while there are no changes to any factual allegations, Plaintiffs are attaching for the convenience of the Court two documents: (1) Exhibit A, a redlined comparison of the proposed Third Amended Complaint against the Second Amended Complaint, and (2) a clean version of the proposed Third Amended Complaint.

**ARGUMENT**

**1. This Court has Found Plaintiffs' Complaint is Not Futile and Defendants' Motions
to Dismiss are Fully Briefed.**

Defendants argue that it would be futile to allow Plaintiffs to drop this single claim in a Third

Amended Complaint due to supposed issues with the Second Amended Complaint. The Court has already ruled that Plaintiffs' Second Amended Complaint was not futile and alleged facts to establish standing sufficient to amend their Complaint. (Dkt. 59 at 18). Plaintiffs have changed no factual allegations in the attached Third Amended Complaint, so there is no basis for Former President Trump to argue that the attached Third Amended Complaint is futile. In their opposition (Dkt. 96), Defendants merely rehash the same arguments presented in the motions to dismiss briefing, which was fully briefed over a year and a half ago (Dkts. 71; 72; 75; 81; 82). There is no need for any further Motion to Dismiss briefing, as none of the facts or issues have changed, except for Plaintiffs' request not to pursue relief for the claim under 42 U.S.C. § 1985(3) as to Former President Trump.

Here, Plaintiffs have simply requested not to pursue a single claim against a single Defendant. To be clear, Plaintiffs maintain that Former President Trump is a member of the conspiracy as alleged in the Second Amended Complaint. But Plaintiffs are dismissing that claim as to Former President Trump to avoid any ambiguity about immunity and whether discovery can—and should—proceed.

**2. Defendants are Not Prejudiced by This Proposed Amendment.**

Former President Trump's sole argument on prejudice boils down to the risk that Plaintiffs may seek to amend their pleadings in the future or bring separate claims under 42 U.S.C. § 1985(3) for the same conduct as alleged in the attached Third Amended Complaint after purportedly investing heavily in defending against that claim here. (Dkt. 96 at 8–10). Plaintiffs clarify that they do not oppose dismissing the 42 U.S.C. § 1985(3) claim against Former President Trump with prejudice. Former President Trump can suffer no prejudice from such a dismissal when he will never need to face such claims arising out of the same facts from Plaintiffs again.

**3. Plaintiffs Attach the Proposed Amended Pleading Here.**

Where Complaints simply drop one claim against one defendant, courts in this District do not always strictly follow Local Rules 7(i) or 15.1. *See*, *e.g.*, Order at 1–2, *Brown v. Gov't of D.C.*, No.

2

15-cv-1380 (D.D.C. Aug. 31, 2017), ECF No. 43 (construing plaintiffs' Rule 41 motion to dismiss a single claim as a motion for leave to amend the complaint under Rule 15(a)(2), granting the motion, then ordering plaintiffs to attach amended complaint and redline comparison). As in *Brown*, Plaintiffs seek to dismiss only one claim. And in *Brown*, the Court granted the plaintiffs' motion for leave to amend the complaint, *then* ordered the plaintiffs to file their amended complaint. Here, Plaintiffs attach both their proposed Third Amended Complaint, and, as Exhibit A, a redlined comparison between the Second Amended Complaint and their proposed Third Amended Complaint. Plaintiffs respectfully request that their proposed Third Amended Complaint be considered alongside their Motion for Leave to Amend Complaint (Dkt. 95).

Plaintiffs' proposed Third Amended Complaint does not add any new parties, any new legal theories or facts, and their Motion for Leave to Amend Complaint provides a good-faith rationale for the proposed amendments. (*See* Dkt. 95). The cases Defendants use to support their opposition argument under Local Rule 7(i) and Rule 15.1 all differ from the situation here. *Compare* Defendants' Opposition, Dkt. 96, *with Parker v. D.C.*, No. CV 21-2523 (CKK), 2024 WL 68239, at *3 (D.D.C. Jan. 5, 2024) (motion raised allegations of *additional* evidence, whereas Plaintiffs here seek to remove claim); *Gu v. Mayorkas*, No. 19-CV-02496 (TSC), 2022 WL 4464904, at *9 (D.D.C. Sept. 26, 2022) (motion for leave to amend complaint sought to include *additional* information about the denial of motion to reopen, whereas Plaintiffs here include no additional information); *Singleton v. D.C.*, No. CV 21-1914 (RJL), 2022 WL 4235128, at *6 (D.D.C. Sept. 14, 2022) (request for leave to amend is "bare" where there is no "indication of the particular grounds on which amendment is sought," whereas here, Plaintiffs specified their grounds) (quotation omitted); and *Brown v. JP Morgan Chase,* No. CV 14-2031 (ABJ), 2018 WL 4193638, at *2 (D.D.C. June 5, 2018) (motion "reflect[ed] plaintiff's interest in adding claims . . . to the lawsuit," whereas here, Plaintiffs seek to remove one claim).

Former President Trump also suggests that Plaintiffs violated Local Rule 7(m) by failing to meet and confer before filing their motion. (Dkt. 96 at 11–12.) But Local Rule 7(m) only applies to non-dispositive motions. Plaintiffs' motion is a dispositive motion because it eliminates a claim from the case. *See Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1215 (D.C. Cir. 1997) (defining a dispositive motion as one that, "if granted, would result either in the determination of a particular claim on the merits or elimination of such a claim from the case").[1] Plaintiffs respectfully request that their Motion for Leave to Amend Complaint, and proposed Third Amended Complaint, be granted to continue the case forward on its merits, particularly in light of the upcoming November election, and look forward to commencing discovery.

Respectfully submitted,

*/s/ Jason M. Bradford*
Jason M. Bradford (D.D.C. Bar No. IL0073)

Jason M. Bradford (D.D.C. Bar No. IL0073)
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
(312) 222-9350

Christian J. Hatten (D.D.C. Bar No. 90005584)
Jenner & Block LLP
1099 New York Avenue, NW, Ste. 900
Washington, DC 20001
(202) 639-6000

Samuel Spital (D.D.C. Bar No. SS4839)
Janai S. Nelson (*pro hac vice*)
NAACP LEGAL DEFENSE &

---

[1] Even if this were construed as a non-dispositive motion, a court may exercise discretion to consider a motion if it is clear that "the parties would have proceeded with the exact same disputes regardless of efforts to comply with the rule," *Johnson v. ACB Ideas, LLC*, No. 1:23-CV-02944 (RCL), 2024 WL 3225994, at *2 (D.D.C. June 28, 2024). Here, Defendants' opposition to dropping a claim against them evinces that they would oppose Plaintiffs' motion to amend, regardless of a meet-and-confer.

EDUCATIONAL FUND, INC.
40 Rector St., 5th Floor
New York, NY 10006
(212) 965-2200

Joseph Wong (D.D.C. Bar No. 1017589)
Anuja D. Thatte (D.D.C. Bar No. 1742276)
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
700 14th Street, NW, Ste. 600
Washington, DC 20005
(202) 682-1300

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on September 10, 2024, I electronically filed Plaintiffs' Reply in Support of Plaintiffs' Motion for Leave to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a)(2) with the following documents: (1) A redlined comparison between the proposed Third Amended Complaint and Second Amended Complaint (Exhibit A), and (2) A clean version of the proposed Third Amended Complaint, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel and parties of record.

Dated: September 10, 2024                    */s/ Jason M. Bradford*
                                             Jason M. Bradford
                                             Attorney for Plaintiffs