UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Michigan Welfare Rights
Organization, et al

V                                                    1:20-cv-03388-TSC

Donald J Trump , et al

_____/

## JOSE A. PEREZ' MOTION IN OPPOSITION TO PLAINTIFFS' OPPOSITION TO MR. PEREZ' INTERVENTION

Jose A Perez respectfully responds in opposition to the Plaintiffs' opposition to his intervention.

The Plaintiffs' claimed that Mr. Perez does not have an unconditional right to intervene [1]. The Plaintiffs' frivolously contend that individuals who support the Honorable Donald J Trump's candidacy do nor have the Right to Vote, to election integrity nor to vote for the candidate of their choice [2]. Mr. Perez objects.

In their complaint[3], the Plaintiffs claimed that in the aftermath of President Trump's loss in the 2020 President he "sought to overturn the result of the election by disenfranchising voters" by inter alia "raising baseless challenges"[4].

---

[1] CM/ECF Document 99
[2] Reynolds v Sims , 377 US 533, 555 (1964) citing South v Peters 339 US 276, 279 (1955))
[3] CM/ECF Document 8 page 2
[4] Ibid

The evidence in Mr. Perez' Motion to intervene shows beyond reasonable doubt that the allegation is patently false. The Documentary evidence attached hereto shows, inter alia, that VP Kamala Harris, then a Senator, conducted Senate hearings wherein: (a) she questioned the integrity of voting machines and she admitted therein to hearing testimony from IT Professionals demonstrating that they could change votes from one candidate to another in real time without creating any trace evidence [5]

a- 18 U.S.C. 241 was primarily enacted to protect the rights to vote[6] and to election integrity[7]. The same protects Mr. Perez' rights from private actors like the litigants in this case[8].

b- Local Civil Rule 7(j) authorizes the Court to permit non parties to seek, inter alia, intervention in civil cases in order to protect their rights.

### ARTICLE III CONSTITUTIONAL STANDING
### THE FIRST AND FOURTEENTH AMENDMENTS CONFER AN UNCONDITIONAL RIGHT TO PROTECT THE RIGHTS TO VOTE AND TO ELECTION INTEGRITY

---

[5] https://www.oann.com/video/pearsonsharpreports/election-integrity/
[6] U.S . v Liddy , 542 F. 2d 76 , 81 (DC Cir-1976) ; US Classic , 313 US 299, 300 (1941) ; Ex Parte Yarbrough, 110 U.S. 651 , 665 (1884)
[7] U.S . v Liddy , 542 F. 2d 76 , 81 (DC Cir-1976) ; US Classic , 313 US 299, 300 (1941) ; US v Mosley, 238 US 383, 386 (1915)
[8] U.S . v Liddy , 542 F. 2d 76 , 81 (DC Cir-1976) ; US Classic , 313 US 299, 300 (1941) ; Section 241 and The First Amendment, 43 Duke University Law Journal 625 , 630-31 (1993)

1- To establish constitutional standing, the intervenor must show that (1) it has suffered an "injury in fact"; (2) the injury is "fairly traceable" to the challenged action of the Plaintiffs ; and (3) it is "likely, that the injury will be redressed by a favorable decision."[9]

2- To allege the first element, injury in fact, a putative intervenor must demonstrate that it "suffered an invasion of a legally protected interest that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"[10]

3- Federal Courts have consistently ruled that any act that adversely affects voting, the most basic of political rights, causes a concrete injury[11]. The Right of Suffrage in a free and unimpaired manner is preservative of other basic civil and political rights , any alleged infringement of the right of citizens to vote must be carefully and meticulously scrutinized [12].

---

[9] *Lujan v. Defenders of Wildlife*,504 US 555, 560-561 (1992) *see also Friends of the Earth, Inc. v. Laidlaw Env't Servs., Inc.*, 528 US 167, 180-182 (2000).
[10] *Spokeo, Inc. v. Robins*, 136 S. Ct 1540 , 1548 (2016), quoting *Lujan*, 504 US 2 560.
[11] Morgan v Katzenbach , 247 F Supp 196 (D DC-1966) citing Gray v Sanders , 372 US 368, 374-75 (1963) ; FEC v Akins, 524 US 11, 20-25 (1998) ;
[12] League of Women Voters v Newby , 838 F. 3d 1, 17 (DC Cir-2016) ; Smith, et al v Meese, et al , 821 F. 2d 1484, 1489-90, 1494 (11th Cir-1987) citing Reynolds v Sims , 377 US 533, 554 (1964) : Griffin v Breckenridge, 403 US 88, 101-102 (1971)

4- The US Supreme Court has ruled that qualified citizens[13], like Mr. Perez, have a fundamental constitutional right to vote and to election integrity [14] and those rights are protected against federal encroachment by the First Amendment and state infringement by the Fourteenth Amendment[15].

5- Whenever, as here, an entity arbitrarily, whimsically capriciously **interferes with the freedom of a Presidential Candidate it is simultaneously interfering with the freedom of his adherents.** [16]

6- The Right of Suffrage in a free and unimpaired manner is preservative of other basic civil and political rights, any alleged infringement of the right of citizens to vote must be carefully and meticulously scrutinized [17].

---

[13] Voting rights act - §10101.
[14] *Purcell v. Gonzalez*, 549 US 1, 4 (2006) "A State indisputably has a compelling interest in preserving the integrity of its election process." *Eu v. San Francisco County Democratic Central Comm., 489 US 214, 231 (1989)*. Confidence in the integrity of our electoral processes is essential to the functioning of our participatory democracy. Voter fraud drives honest citizens out of the democratic process and breeds distrust of our government. Voters who fear their legitimate votes will be outweighed by fraudulent ones will feel disenfranchised. "[T]he right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly prohibiting the free exercise of the franchise." *Reynolds v. Sims, 377 US 533, 555* (1964). Countering the State's compelling interest in preventing voter fraud is the plaintiffs' strong interest in exercising the "fundamental political right" to vote. *Dunn v. Blumstein*,405 US 330  336 (1972) (internal quotation marks omitted).
[15] Williams v Rhodes, 393 US 23, 30-31 (1974) *Burdick v. Takushi, 504 US 428*, 433, (1992); *Anderson v. Celebrezze, 460 US 780, 787-88 (1983)*
[16] Common Cause v Schmitt, 512 F Supp. 489 (DDC-1980) citing Buckley v Valeo, 424 US 1, 75 (1976) quoting Sweezy v New Hampshire, 354 US 234, 250-251 (1957); Bullock v. Carter, *405 US 134*, 143 (1972); Democratic Party of United States v. Wisconsin ex rel. LaFollette, 450 US 107, 122 (1981)
[17] Smith, et al v Meese, et al, 821 F. 2d 1484, 1489-90, 1494 (11th Cir-1987) citing Reynolds v Sims, 377 us 533, 554 (1964) : Griffin v Breckenridge, 403 US 88, 101-102 (1971)

7- The US Supreme Court has further ruled that [W]here a harm is concrete, or imminent though widely shared, there is injury in fact [18].

8- The US Supreme Court has ruled that voting, the most basic of political rights, is sufficiently concrete.

### (c)

### MR. PEREZ' INTEREST IN THE SUBJECT MATTER OF THE LITIGATION IS DIRECT, SUBSTANTIAL AND LEGALLY PROTECTABLE

9- The US Supreme Court has ruled that qualified citizens[19], like Mr. Perez, have a fundamental constitutional right to vote and to election integrity [20] and those rights are protected against federal encroachment by the First Amendment and state infringement by the Fourteenth Amendment[21].

10- Whenever, as here, an entity arbitrarily, whimsically capriciously **interferes with the freedom of a Presidential Candidate is simultaneously interferes with the freedom of his adherents**[22]

---

[18] Massachusetts v Environmental Protection Agency, 549 US 497, 517 (2007) ; Lujan v. Defs, of Wildlife, 504 U.S. 555, 560 n.1 (1992) ; Spokeo v. Robins, 136 S. Ct. 1540, 1548 n.7 (2016); FEC v Akins, 524 U.S. 11, 20-25 (1998)
[19] Voting rights act - §10101.
[20] *Purcell v. Gonzalez*, 549 US 1, 4 (2006); Roe v Alabama, 43 F.3d 574, 580 (11th Cir-1995); Garza v Aguirre, 619 F,2d 449, 452 (5th Cir-1980)
[21] Williams v Rhodes, 393 US 23, 30-31 (1974) *Burdick v. Takushi, 504 US 428*, 433, (1992); *Anderson v. Celebrezze, 460 US 780*, 787-88 (1983)
[22] Wymbs v Republican State Exec. Comm., 719 F. 2d 1072, 1084 (11th Cir-1984) citing Sweezy v New Hampshire, 354 US 234, 250-251 (1957) ; US v South Dakota, 636 F. 2d 241, 245 (8th Cir-1980) ; Bullock v. Carter, *405 US 134*, 143 (1972); Democratic Party of United States v. Wisconsin ex rel. LaFollette, 450 US 107, 122 (1981)

11-    Under Rule 24(a)(2), a party is entitled to intervention as a matter of right if the party's interest in the subject matter of the litigation is direct, substantial and legally protectable[23].

### (d)
### MR. PEREZ' INTERESTS ARE
### NOT PROPERLY REPRESENTED BY THE PRESENT LITIGANTS

12-    Mr. Perez seeks to , inter alia, enjoin the present action , and preserve the status quo, so his rights to vote for the candidate of his choice and to election integrity are not transgressed upon. The purpose of preserving the status quo is to maintain the relative positions of the parties until a trial on the merits can be held[24]. Preservation of the status quo enables the court to render a meaningful decision on the merits[25].

13-    The US District Court has the authority to enjoin federal prosecutions in order to safeguard Constitutional rights[26]. The right to vote freely for the candidate of one's choice is of the essence of a democratic society, and any restrictions on that right strike at the heart of representative government[27].

---

[23] Meek v Metropolitan Dade County, 985 F.2d 1471, 1477 (11 Cir-1993)
[24] Collum v. Edwards, 578 F. 2d 110, 113 (5th Cir.1978)
[25] Canal Authority v. Callaway, 489 F. 2d 567 , 573 (5th Cir.1974).
[26] Smith, et al v. Meese, et al , 821 F. 2d 1484, 1489-90 (11th Cir-1987) citing Reynolds v. Sims, 377 US 533, 555 (1964)
[27] Ibid

14-   The Supreme Court has held that the inadequate representation requirement "is satisfied if the proposed intervenor shows that representation of his interest 'may be' inadequate" and that "the burden of making that showing should be treated as minimal[28]. Furthermore, even if the interests are similar, it does not mean that approaches to litigation will be the same[29].

15-   WHEREFORE the Plaintiffs' Motion ought to be denied.

Respectfully Submitted,

Jose A Perez
2128 William Street #273
Cape Girardeau, MO 63703
347-552-2881
theaesculapius@gmail.com

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was served by emailing a copy thereof, on this 11th Day of October 2024 to :

**Janai Nelson**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street
Ste 5th Floor
New York, NY 10006

---

[28] Berger v North Carolina State Conference of the NAACP, 597 US 179, 195 (2022) ; Trbovich v. United Mine Workers of America, 404 US 528, 538 FN10 (1972),
[29] Trbovich, 404 US at 539

646-630-5357
Email: jnelson@naacpldf.org

**Anuja Diwakar Thatte**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND
700 14th Street NW
Suite 600
Washington, DC 20005
646-740-3662
Email: athatte@naacpldf.org

**Christian J. Hatten**
JENNER & BLOCK LLP
1099 New York Ave NW
Suite 900
Washington, DC 20001
202-637-6354
chatten@jenner.com

**Jason Bradford**
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL 60654-3456
312-840-7225
Email:
 jbradford@jenner.com
**Joseph Wong**
LEGAL DEFENSE FUND
700 14th Street NW
Suite 600
Washington, DC 20005
202-682-1300
Email:
jwong@naacpldf.org

**Stephen Ascher**

JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
212-891-1670
Fax: 212-909-0803
Email:
sascher@jenner.com

**Samuel Spital**
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector Street
5th Floor
New York, NY 10006
(212) 965-2200
Email:
sspital@naacpldf.org

**Jesse R Binnall**
BINNALL LAW GROUP
717 King Street
Suite 200
Alexandria, VA 22314
703-888-1943
Email:
jesse@binnall.com

**Conor Woodfin**
CONSOVOY MCCARTHY
PLLC
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
806-773-0286
Email:
conor@consovoymccarthy.com

**Gary Lawkowski**
DHILLON LAW GROUP, INC..
2121 Eisenhower Avenue
Suite 608
Alexandria, VA 22314

Arlington, VA 22209
(703) 243-9423
Email: cam@consovoymccarthy.com

**David Alan Warrington**
DHILLON LAW GROUP, INC.
2121 Eisenhower Avenue
Suite 608
Alexandria, VA 22314
703-574-1206
Fax: 703-574-1206
Email: DWarrington@dhillonlaw.com

**Harmeet Dhillon**
DHILLON LAW GROUP INC
177 Post St.
Suite #700
San Francisco, CA 94108
415-433-1700
Email: harmeet@dhillonlaw.com

**Mark Meuser**
DHILLON LAW GROUP
177 Post St., Suite 700
San Francisco, CA 94108
415-577-2850
Email: mmeuser@dhillonlaw.com

_____
Jose A Perez